# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

2:13-CV-1113 JCM (PAL)

In Re:

AMERICAN PACIFIC FINANCIAL CORPORATION,

    Debtor.

_____

DOTAN Y. MELECH, not individual but as Chapter 7 trustee of the above debtor,

    Plaintiff(s),

v.

LARRY POLHILL, et al.,

    Defendant(s).

## ORDER

Presently before the court is movant Larry Polhill's motion to withdraw reference. (Doc. # 1-1). The appointed trustee, Dotan Melech, has filed an opposition (doc. # 1-1, p. 109-120) and Polhill has filed a reply (doc. # 3).

This motion arises out of an adversary action in the underlying bankruptcy proceedings. The complaint contains eleven causes of action for: (1) breach of fiduciary duty; (2) aiding and abetting breach of fiduciary duty/civil conspiracy; (3) conversion; (4) avoidance of preferential transfers; (5) avoidance of fraudulent transfers; (6) turnover; (7) unjust enrichment; (8) constructive trust; (9)

**James C. Mahan**
**U.S. District Judge**

equitable lien; (10) breach of contract; and (11) breach of covenant of good faith and fair dealing.

Polhill asserts that the matter is subject to withdrawal of reference pursuant to 28 U.S.C. § 157(d). That section provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Polhill has not filed a proof of claim and has asserted a jury demand. Polhill asserts that the causes of action in the underlying complaint are not listed in 28 U.S.C. §157(b)(2) as core proceedings. In particular, he maintains that " each [cause of action] involves state law issues and thus is beyond the reach of the bankruptcy court to hear and determine. Such claims should be adjudicated by an Article III court independent of whether a proof of claim has been filed." (Doc. # 1-1, p. 67) (citing *In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986)).

Polhill further asserts that, "[b]ecause this Court will be required to review the bankruptcy court's proposed findings and conclusions of law de novo, judicial efficiency is promoted by withdrawing the reference and holding one hearing instead of two to resolve factual issues." (*Id.*). Melech opposes the motion on the grounds that it is "premature" despite conceding the inevitability of the matter being brought to this court.

With respect to "non-core" claims, the default practice is for the bankruptcy court to hold proceedings and make proposed findings of fact and conclusions of law, which in turn are reviewed by the District Court. *See* LR 1001(a); 28 U.S.C. § 157. The Ninth Circuit has held that in considering withdrawal, a "district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Brotherhood of Chauffers, Warehousemen & Helpers,* 124 F.3d 999, 1008 (9th Cir. 1997).

The court finds judicial efficiency and the uniformity of bankruptcy administration would be better served by having the bankruptcy court continue to decide the pre-trial motions, including

James C. Mahan
U.S. District Judge

- 2 -

1  discovery related ones, prior to removing the case to this court.

2      The bankruptcy court is well-versed in the history and procedural posture of this action. It
3  has managed these proceedings over the last several years, and there is no legitimate reason to
4  withdraw at this juncture. As the court most familiar with this case, the bankruptcy court is in the
5  position to most efficiently manage its course while minimizing delay and costs. *Sec. Farms*, 124
6  F.3d 999. In sum, Polhill has not met his burden of demonstrating why this case warrants immediate
7  withdrawal.

8      Accordingly,

9      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the motion to withdraw
10  reference (doc. # 1) be, and the same hereby is, DENIED.

11      DATED February 5, 2014.

                                */s/ James C. Mahan*
                              **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -